UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

ANTONIO NMN JACKSON

Petitioner,

v.

TERRI CARLSON, Warden, and
SHERYL RAMSTAD-HVASS,
Commissioner of Corrections,

Respondents.

---

Civil File No. 01-1672 (JRT/ESS)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

On June 1, 1999, Petitioner was convicted in the state district court for Anoka County, Minnesota, on a charge of First Degree Aggravated Robbery. He was sentenced to 168 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Moose Lake, Minnesota. (Petition, [Docket No. 1], p. (2), ¶s 1-4.)

---

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED SEP 14 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Following his conviction, Petitioner filed an appeal with the Minnesota Court of Appeals contending that (1) there was insufficient evidence to support his conviction, and (2) the trial court "erred in precluding admission of reverse-Spreigl evidence." (Petition, p. (3), ¶ 9.) The Court of Appeals rejected Petitioner's arguments, and affirmed his conviction on July 25, 2000. (Id.) Petitioner then sought further review in the Minnesota Supreme Court, contending that (1) he had been "denied [his] right to a fair trial, and (2) he had been "denied [the] opportunity to present a complete defense." (Id.) The Minnesota Supreme Court denied Petitioner's request for further review on September 27, 2000. See State v. Jackson, No. C9-99-1595 (Minn.App. 2000), 2000 WL 1016328 (unpublished opinion).

On September 12, 2001, Petitioner filed his current application for federal habeas corpus relief under 28 U.S.C. § 2254. The instant petition lists four claims for relief, three of which are based on Petitioner's Sixth Amendment right to effective assistance of counsel. He alleges that he received ineffective assistance of counsel because (1) his trial counsel failed to impeach key prosecution witnesses, (2) his trial counsel failed to adequately investigate the facts relating to an alternative suspect, and (3) his appellate counsel failed to raise the alleged errors of his trial counsel as a ground for relief on direct appeal. Petitioner's fourth habeas claim is that the trial court erred by excluding certain evidence that purportedly would have incriminated another possible suspect. (Petition, p. (5), ¶ 12.)

Petitioner candidly acknowledges that none of his three ineffective assistance of counsel claims has ever been presented to any Minnesota state court. (Id., ¶ 13.) It will

therefore be recommended that the instant petition be summarily dismissed based on Petitioner's failure to exhaust his state court remedies.

**II. DISCUSSION**

It is well-established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Furthermore, a habeas petitioner must exhaust his state court remedies with respect to all of the claims that he wishes to raise in a federal habeas corpus petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- will be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

Here, it is readily apparent that three of Petitioner's current habeas claims – i.e. his three ineffective assistance of counsel claims – have never been fairly presented to, or addressed by, any Minnesota state court. Thus, Petitioner clearly has not satisfied the exhaustion of state court remedies requirement.

Furthermore, it appears that there is a state court remedy still available for at least one of Petitioner's unexhausted claims, namely his claim of ineffective assistance of appellate counsel. Minnesota's state courts have frequently addressed claims of ineffective assistance of appellate counsel brought in a motion for post-conviction relief under Minn.Stat. § 590.01 et seq. See e.g., Sullivan v. State, 585 N.W.2d 782 (Minn. 1998); see also Black v. State, 560 N.W.2d 83, 86 (Minn. 1997).[2]

Because the instant petition includes at least one claim that can (probably) still be raised in the state courts, it is a mixed petition that cannot be entertained in federal court at this time. It will therefore be recommended that the present action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

---

[2] It appears quite likely that post-conviction relief will not be available for Petitioner's two claims of ineffective assistance of trial counsel. The state courts probably will conclude that those claims cannot properly be raised in a post-conviction proceeding, because they could have been (and should have been) raised on direct appeal. See Dent v. State, 441 N.W.2d 497, 499 (Minn. 1989); Fratzke v. State, 450 N.W.2d 101, 102 (Minn. 1990); Zenanko v. State, 587 N.W.2d 642, 644 (Minn. 1998). If the state courts refuse to address those two ineffective assistance claims on the merits, they will be procedurally defaulted for federal habeas purposes. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting Coleman, 501 U.S. at 732.

It will be recommended that the action be dismissed without prejudice, however, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claims.[3] Petitioner may return to federal court -- if necessary -- after the state courts, (including the Minnesota Supreme Court, see n. 3, supra), have reviewed, and decided the merits of, all of the claims that he seeks to present in federal court. See Williams v. Groose, 77 F.3d 259, 262 (8th Cir. 1996).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for a writ of habeas corpus, (Docket No. 1), be summarily DISMISSED WITHOUT PREJUDICE.

DATED: September 14, 2001

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which

[3] If Petitioner pursues this option, he should bear in mind that he will not satisfy the exhaustion requirement unless he also pursues every available avenue of appellate review, (if relief is not granted by the trial court). See O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.